**In re WILKERSON ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 88–02643–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 18, 1989.

Tony W. Edwards, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, Okl., for debtor.

William M. Bonney, Cate & Harrison, Muskogee, Okl., for movant Cimarron Federal.

## MEMORANDUM DECISION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes before the court this 9th day of December, 1988 on the motion of Cimarron Federal Savings & Loan Association ("Cimarron") to determine the applicability of the automatic stay provided under § 362 of the Bankruptcy Code on the following described parcel of real estate to-wit:

Blocks Four (4) and Five (5) of Wilkerson Addition to the Incorporated Town of Pryor Creek, Mayes County, State of Oklahoma a/k/a Meadow Trace Apartments.

This Court having examined the pleadings, heard the arguments of counsel, considered the stipulated facts and being fully advised in the premises holds as follows:

The court finds that Phoenix Federal Savings & Loan Association ("Phoenix"), predecessor in interest to the movant, filed a petition for foreclosure of its mortgage against the above property on July 27, 1987. The petition was filed against the debtor and four purported insiders of the debtor (stockholders). At the time of the filing of the petition the record legal title to the property was in the insiders. The debtor had no interest in the property, having conveyed its prior interest to the insiders years before the filing of the foreclosure petition. The debtor was joined as a party to the foreclosure petition because it was liable on the note secured by the mortgage.

On September 4, 1987 at 9:10 a.m., Phoenix filed a notice of lis pendens pertaining to the foreclosure action pursuant to 12 O.S.A. (Supp.1987) § 2004.2 which in parts material to this case provides as follows:

§ 2004.2

(A) Upon the filing of a petition, the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third party shall acquire an interest in the subject matter of the suit as against the prevailing party's title; except that:

(1) As to actions in either state or federal court involving real property, such notice shall be effective from and after the time that a notice of pendency of action, identifying the case and the court in which it is pending and giving the legal description of the land affected by the action, is filed of record in the office of the county clerk of the county wherein the land is situated; and

(B) Except as to mechanics and materialman lien claimants, any interest in real property which is the subject matter of an action pending in any state or federal court, acquired or purported to be acquired subsequent to the filing of a notice of pendency of action as provided in subsection A of this section, or acquired

or purported to be acquired prior to but filed or perfected after the filing of such notice of pendency of action, shall be void as against the prevailing party or parties to such action.

Three of the insiders after the initiation of the foreclosure action but before the filing of the notice of lis pendens, executed and delivered quit claim deeds conveying their interest in the property to the debtor. These deeds were executed on August 11 and 19, 1987. The fourth insider executed a similar quit claim deed on September 4, 1987 on the same day, but apparently after the notice of the lis pendens was filed. None of the quit claim deeds were recorded. The movant thereafter obtained a foreclosure judgment on March 28, 1988 against the insiders and the debtor. There has been no allegation of any error in the foreclosure procedures undertaken by the movant.

The issue for this court to decide is whether the foreclosure action against the property in question is stayed by the automatic stay granted in § 362 of the Bankruptcy Code. Said section provides in portions material to the present case as follows:

362

(a) Except as provided in subsection (b) of this section, a petition filed ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against *property of the estate,* of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of property

from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against *property of the estate;*

(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; ...

Under subsections (2), (3), (4) and (5) the automatic stay applies to the enforcements of judgments, liens and claims against *property of the estate or the debtor.* If the property in question is property of the estate or the debtor, then the automatic stay applies and the foreclosure action of the movant cannot proceed without the movant obtaining relief from the automatic stay. On the other hand, if the property in question is not property of the estate or debtor then the foreclosure action can proceed because the automatic stay is not applicable.[1]

Section 541 of the Bankruptcy Code provides in part as follows:

541

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

This Court holds that the property is not the property of the estate of the debtor pursuant to § 541 (supra) and therefore the foreclosure action is not subject to the automatic stay. The lis pendens provisions of the Oklahoma law clearly provide that after a notice of lis pendens is filed a conveyance of the property that is the subject matter of the lawsuit mentioned in the lis pendens notice is void and of no effect. The statute also provides that conveyances made before the filing of the lis pendens notice but recorded afterwards are also void and of no effect.

In the instant case one of the conveyances by an insider to the debtor was made the same day the lis pendens notice was filed but at a later hour in the day. This conveyance is clearly covered by the lis pendens statute cited above and is void. As to the other three insider conveyances they were made prior to the filing of the lis pendens notices but were never recorded. Conveyances made before the filing and recorded afterwards are clearly void. The same rule should apply to prior deeds that were never recorded as in the instant case. While the statute does not expressly cover this situation it would not make sense nor be within the intent of the statute to say that prior deeds recorded after the lis pendens were void but similar deeds never recorded were valid.

Since the conveyances to the debtor from the insiders were void and no effect the debtor did not have a legal or equitable interest in the property as of the commencement of the case and it was therefore not property of the estate and therefore not entitled to protection of the automatic stay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of Cimarron Federal Savings & Loan Association is granted and this Court expressly finds that the subject property is not property of the estate and Cimarron Federal Savings & Loan Association may proceed with its foreclosure proceeding against said property.

---

1. The automatic stay does apply, of course, to any actions against the debtor personally.